[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This dissolution dispute involves a childless marriage that will reach sixteen years in three months. Wife is 47 years of age, husband is 49. Wife is in therapy, suffers from chronic lower back pain, has had kidney surgery, an appendectomy, a hysterectomy and a cervical disc removed. Each spouse had been married before and had children of their first marriage, the husband five, the wife two.
Both parties have resided in this state for the past twelve months. Neither has been the recipient of public assistance from the State of Connecticut or any of its governmental subdivisions. Each testified that their marriage had broken down irretrievably.
Atty. Michael J. Whelton represented the plaintiff wife. CT Page 3117
Atty. David A. Zipfel represented the defendant husband.
FINDINGS:
This dispute is asset driven. Of the twenty-one assets owned by the parties, three are conceded to be without value. twelve have values that are not in dispute and six are disputed. The disputed six assets include:
a. Time shares in Casa Del Mar and Playa Linda. Because no credible evidence has been offered to the court to enable it to assign values with confidence, the timeshares are to be divided between the parties themselves and disposed of as each party chooses. Plaintiff wife shall make the first choice, husband the second, etc. The actions required to transfer ownerships are to be completed within the next thirty days by husband at his expense.
b. Casa Del Mar bond. Valued by wife at $5,000. She testifies the couple paid $5,000 for it, that it carries a $5,000 face value and she wishes to have the bond assigned to husband at that value. Husband maintains it has no value, that it stopped paying dividends three or four years ago and that he wishes to transfer the bond to his wife. The court assigns a one dollar value. As wife requested, it is to be transferred to husband.
c. 7006 Huntington Lane, Del Ray Beach, Florida. Both parties agree it should be transferred to wife, it was represented by her at the time of trial to have an equity of $12,000 and by husband to have an equity of $32,000. In the absence of expert testimony appraising the value of the Florida condominium, the court finds its fair market value to be $32,000, the value presented by wife in her August 29, 1990 and in her October 16, 1991 sworn financial affidavits. Husband presented those same valuations in his September 20, 1991 and March 22, 1993 sworn financial affidavits. It was only in wife's affidavit submitted for this trial that she reduced the net value by 62.5%, from $32,000 to $12,000.
d. Husband's life insurance cash value. Wife claims it should be returned to the balance it had prior to his diminution thereof, $34,160. Husband admits withdrawing $27,739 and using the funds to add improvements to the Miller Road property, CT Page 3118 including a swimming pool, a deck and window replacements. The court will accept the enhanced agreed value of 133 Miller Road in the distribution of assets as an appropriate means of achieving equity.
e. Liberty Partnership. Wife claims it should be valued at $10,000. Husband claims it has no value. The partnership invested in coins. The investment was not a good one. The more credible evidence indicates the loss was real and almost total. The court finds Liberty Partnership to have minimal value, assigns it a one dollar value and transfers it to husband, as wife requested.
f. Valley Veterinary Clinic, P.C. The valuation of the clinic generated the greatest dispute. Wife claims a $516,835 value and husband a $150,654 value.
Neither expert offered the court prices obtained in comparable sales of similar veterinary practices to assist it in its evaluation.
The court does find, however, that goodwill is an appropriate element of value distinct from the tangible assets of Valley Veterinary Clinic, P.C. The clinic employs as many as twenty to thirty people, and carries the generic name of Valley Veterinary Clinic. The court finds good will to be a marketable asset distinct from the plaintiff, David Burnett, the clinic owner. It is not dependant upon his continuing presence.
The court did not find the calculation of excess income, nor the capitalization rate choices recommended by either of the experts to be persuasive, however. The figures proposed were each too extreme.
Of interest to the court was the clinic's historically rising annual income flow to its owner, the plaintiff husband, interrupted only by this dissolution action, the owner's fringe benefits and personal expenses paid by the clinic, and the unreported income skimmed from the practice for the owner's private benefit.
The court finds the Valley Veterinary Clinic, PC, to have a value of $275,000. CT Page 3119
The court finds wife's health, amount and sources of income, her vocational skills and her opportunity for future acquisition of capital assets and income to be less than that of her husband, and will have such factors in mind when assigning property and establishing alimony.
Those marital assets listed in paragraph 1 hereof are found to total $780,375.
The court finds defendant husband methodically withdrew funds from marital assets to enhance his finances and diminish the funds available to his wife, The amounts wrongfully taken by him are found to total $5615 and are composed of the following:
a. $1,350, representing wife's share of husband's sale of marital municipal bonds.
b. $1,740, representing wife's share of the marital Aruban bank account.
c. $50, representing wife's share of the marital IRS refund check.
d. $475 for lawn care and snow plowing. The court order supports wife's position.
e. $2,000, representing the balance due wife after the sale of $6,000 of the marital Mexican telephone stock. Wife received $1,000 of her $3,000 marital share.
The court finds husband's representation of his income to be inaccurate. His testimony is not credible. He enjoys an income substantially above that reflected on his financial affidavit — an income that includes fringe benefits, personal expenses and funds skimmed from corporate income, among other discrepancies.
With regard to plaintiff wife's request for attorney's fees, based on all the relevant statutory criteria, which the court followed in this case, the evidence presented and the respective needs and abilities of the parties to pay, the court finds the award of counsel fees to be fair and equitable as well as necessary in order to avoid undermining its other financial awards when marital assets are divided. CT Page 3120
ORDERS:
Having reviewed the evidence and the sworn financial affidavits of each party in the context of the required considerations set forth in Title 46b, Chapter 815j of the Connecticut General Statutes, a finding shall enter that the marriage has broken down — irretrievably, a decree of dissolution shall enter and the following orders shall apply:
1. PROPERTY DIVISION:
The assets listed shall be divided as follows: a. To wife: 71 Lake Street, South Windsor, Ct. $82,610
 Wife's pension 21,278 Time shares (to be divided) -0- Condo-Del Ray Beach, Florida 32,000 Stocks and bonds 15,774 Wife's savings 967 Personal property 15,000 Silver bar — one to each spouse no value presented -------- $167,629
b. To husband:
 133 Miller Rd, South Windsor, Ct. $ 59,313 39-47 Patria Rd, South Windsor, Cwt. 134,008 Husband's pension 66,050 Time shares (to be divided) -0- Casa Del Mar 1 Liberty Partnership 1 Valley Veterinary Clinic, PC 275,000 Valley Boarding Kennel 63,830 Husband's stocks and bonds 1,610 Life insurance cash value 6,421 Husband's savings 750 Colonial Realty -0- Mountain Seafood -0- Pet cemetary -0- * [Liberty partnership -0-] Personal property 5,770 Silver bar — one to each spouse no value Presented -------- CT Page 3121 612,754
TOTAL: $780,383
 55% of $780,383 due wife = $429,210 Property to wife, above 167,629 -------- Balance due to wife $261,581
c. Husband shall pay wife $100,000 in cash within 60 days hereof.
d. Husband shall pay wife eight years from the date hereof, time being of the essence, the sum of $161,581, together with 7% interest per annum compounded annually from this date. Said sum is to be secured by a note and mortgage on husband's properties at 39-47 Patria Road, South Windsor, Ct. and 133 Miller Road, South Windsor, Ct. Said mortgage deeds and notes are to be drafted by wife's counsel and executed forthwith by defendant.
2. MEDICAL INSURANCE
a. Husband shall maintain medical insurance for the benefit of plaintiff wife, said coverage to be substantially equal to wife's current coverage, for a period of eight years from this date, at defendant husband's own expense.
b. Section 46b-84(c) of the Connecticut General Statutes shall apply.
3. TITLE TO REALTY
Title to all real estate itemized in paragraph 1., above, shall be transferred by quit claim deed. The grantee shall hold the grantor harmless therefor from any claims, liens, attachments, taxes or other matters related to the property and shall pay any and all expenses said grantee incurs defending against any claim for same.
4. BUSINESS ASSETS CT Page 3122
Husband shall maintain his interest in Mountain Seafood, the pet cemetery and Liberty Partnership. Wife shall have no interest therein and husband is to hold her harmless therefrom.
5. STOCK
Wife shall maintain her ownership of the Northeast Utilities stock, South Windsor Gas, and shall have full ownership of First Federal Savings and Loan of East Hartford stock as well as the stock in the Bank of South Windsor.
6. PERSONAL PROPERTY
Each party shall own, free of any claim by the other, all litems of personal property of every kind which is in his or her respective possession, except as may be otherwise explicitly set forth herein.
7. LIFE INSURANCE
a. Husband shall maintain in full force and effect, at his own expense, life insurance policies totalling $250,000 with a declining balance to equal the alimony obligation. The insurance shall name Lucia M. Burnett as sole beneficiary. Husband will not pledge, assign or otherwise hypothecate said insurance.
b. Husband shall provide wife, at her request, but no more than once each calendar year, with proof in a form satisfactory to wife, that said life insurance exists in the specified amount and that she remains the sole beneficiary of the entire amount thereof.
c. If the appropriate declining balance of the $250,000 is not received by wife at the time of husband's death, the unpaid balance will constitute an indebtedness of his estate in favor of the plaintiff wife.
8. AUTOMOBILE
a. Plaintiff wife shall continue to make use of that certain 1986 Mercedes SEL 420 and defendant husband shall continue making payments on the lease for said automobile.
b. At the expiration of said lease, defendant husband shall CT Page 3123 immediately exercise his option to purchase said automobile and transfer title to plaintiff wife or, at his option, husband may elect to forthwith pay defendant wife $20,000 in lieu thereof.
9. ALIMONY
a. Defendant shall pay plaintiff periodic alimony in the amount of $600 per week for 8 years, at which time the funds set forth in paragraph 1(d), above, shall be immediately due and payable.
b. If wife does not receive all such funds due within seven days of the final scheduled alimony payment, defendant husband shall continue to pay wife the weekly alimony and shall continue to provide the medical insurance as set forth in paragraph 2 hereof — and the interest due on the paragraph 1(d) funds shall continue to accrue.
c. Nothing herein shall be interpreted to prevent plaintiff wife from exercising her rights to seek a contempt finding or to exercise her right to accelerate the note upon default and foreclose, or both.
10. REIMBURSEMENT
Husband is to reimburse wife for her share of the marital assets wrongfully taken by him by paying wife $5615 within one week hereof.
11. ATTORNEY'S FEES
Defendant husband shall pay plaintiff wife $15,000 towards her attorney's fees within thirty days hereof.
12. APPEAL
All foregoing orders with regard to alimony, automobile and health insurance shall stand and operate as interim orders of this court during the pendency of any appeal.
Joseph L. Steinberg, Judge CT Page 3124